IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERESA ROSS,

                      Plaintiff,

    v.                                                 OPINION and ORDER

ANDREW M. SAUL,                                19-cv-969-jdp
   Commissioner, Social Security Administration,

                      Defendant.

---

      Plaintiff Teresa Ross seeks judicial review of a final decision of defendant Andrew M. Saul, Commissioner of Social Security, denying her application for supplemental security income. Ross contends that the administrative law judge erred by failing to account for the effects of Ross's depression and anxiety. The court will affirm the commissioner's decision. The oral argument scheduled for July 28, 2020, is canceled.

ANALYSIS

      Ross seeks benefits for a period beginning in December 2014, when she was 55 years old. R. 13.[1] In a March 2019 decision, ALJ Deborah Giesen found that Ross suffers from three severe impairments (status post cerebrovascular accident, complex partial seizures, and migraine headaches) as well as numerous non-severe impairments, including depression and anxiety. R. 16–17. In evaluating the severity of Ross's depression and anxiety, the ALJ considered the four broad areas of mental functioning that ALJs assess in evaluating disability claims. *See* 20 C.F.R. § 416.920a(c). She found that Ross had no limitations in three of the

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

functional domains ("understanding, remembering, or applying information," "interacting with others," or "adapting or managing oneself"), and that she had "no more than a mild limitation" in "concentrating, persisting, or maintaining pace." R. 18–19.

In light of Ross's impairments, the ALJ found that Ross has the RFC to perform light work with some physical and environmental restrictions, such as only occasionally climbing ramps or stairs and never working around unprotected dangerous machinery. R. 21. The ALJ did not incorporate any restrictions related to Ross's mental functioning. Relying on the testimony of a vocational expert, the ALJ found that Ross can perform her past relevant work as a tavern owner (DOT 187.167-106), a light-exertion job that is considered "skilled" (as opposed to "unskilled" or "semi-skilled") under the agency's regulations. *See* 20 C.F.R. § 416.968.

The court must determine whether the ALJ's decision applies the correct legal standards and is supported by "substantial evidence," *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020), which means that the court looks to the administrative law record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, --- U.S. ----, 139 S. Ct. 1148, 1154 (2019) (citation and quotation marks omitted). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation marks omitted).

The only part of the ALJ's decision that Ross challenges on appeal is her handling of Ross's depression and anxiety. Ross doesn't dispute the ALJ's finding that these impairments were non-severe, nor does she take issue with the ALJ's conclusions regarding the extent of her limitations in the four domains of mental functioning. Instead, she contends that the ALJ erred

by ignoring her depression and anxiety in determining her RFC. The law is clear that "[w]hen determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment. A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citations omitted).

But the ALJ didn't ignore Ross's mental impairments in formulating the RFC. The ALJ's discussion of the RFC justifiably focused on Ross's physical impairments, as those were the focus of Ross's allegations of disability. But the ALJ acknowledged that Ross reported having "difficulties with concentration and other symptoms." R. 25. The ALJ found these difficulties to be minor ones, explaining that Ross also "reported being able to work caring for the elderly, mow the lawn, take care of her dog, handle personal care, prepare daily meals, do 'all' household chores, get around by driving a car, shop in stores, and go to work on a regular basis." *Id.* In light of the evidence that Ross was able to function reasonably well despite her no-more-than-mild limitation in concentrating, persisting, and maintaining pace, the ALJ declined to incorporate mental function restrictions into the RFC.

Ross fails to acknowledge this portion of the ALJ's decision, let alone explain why it doesn't constitute sufficient consideration of the impact of her non-severe impairments. Ross instead argues that the ALJ erred by not finding Ross limited to unskilled work—a determination that would have directed a finding of disability under the agency's medical-vocational guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.02. But Ross cites no evidence suggesting that she was so limited, and record evidence discussed by the ALJ and by the commissioner shows that she was not. *See, e.g.*, R. 20 (noting evidence that during the alleged period of disability, Ross sometimes worked "up to three jobs at once," including "as a

3

home health aide [which] involved semiskilled work"); *see also* R. 17 (in therapy, Ross indicated that "in order to maintain her insurance she could work only a certain number of hours," which suggests that she in fact had the capacity to do more than part-time work).

Ross contends that even if there isn't evidence that she was limited to unskilled work as a result of her mild concentration, persistence, or pace limitation, the ALJ nonetheless erred by finding Ross capable of her past skilled work as a tavern owner. After all, "[o]ften, there is an increasing requirement for understanding and memory and for concentration and persistence" when one does "semiskilled and skilled work." POMS, DI 25020.010 B(4)(b).[2] But it is the claimant's burden to establish that she cannot return to her past relevant work. *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). Although Ross cites evidence that her mental health symptoms worsened for a time in 2017, *see* Dkt. 17, at 7–8, she cites no evidence that her depression and anxiety were at any point so severe as to preclude skilled work. And, as the ALJ thoroughly explained, the period of severe depression was temporary and resolved with treatment. Many highly skilled workers can perform their jobs despite anxiety and depression. The implication of Ross's argument is that any mild limitation in concentration, persistence, or pace automatically renders a claimant incapable of performing skilled work. There is no legal or factual basis for such a sweeping conclusion.

The ALJ adequately explained why Ross's no-more-than-mild limitations in maintaining concentration, persistence, or pace did not warrant further restrictions in the RFC. Ross has failed to identify any errors in the ALJ's analysis. The ALJ's decision is supported by substantial evidence; the court will affirm it.

---

[2] *Available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010.

ORDER

IT IS ORDERED that the decision of Andrew M. Saul, Commissioner of Social Security, denying plaintiff Teresa Ross's applications for supplemental security income is AFFIRMED. The oral argument scheduled for July 28, 2020 is CANCELED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered July 22, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge